UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DEBRYANT BEATTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-607-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRITO-LAY, INC., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff DeBryant Beatty filed this action in Fayette Circuit Court on October 1, 2018, alleging that his employer Defendant Frito-Lay, Inc. discriminated against him in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344, *et seq*. [Record No. 1-1] More specifically, Beatty claims that Frito-Lay wrongfully denied him the opportunity to interview for the position of Sales Manager and that the available positions were given to less-qualified white males. Frito-Lay removed the matter to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. [Record No. 1]

Section 1332 requires complete diversity among the parties and that the amount in controversy exceed $75,000.00, exclusive of interests and costs. The defendant has established diversity of citizenship, having properly alleged that the plaintiff is a Kentucky citizen and that the defendant is a citizen of Delaware and Texas. However, the defendant has not satisfactorily demonstrated that the amount-in-controversy requirement is satisfied.

Where a case has been removed to federal court based on diversity jurisdiction, the defendant must establish by a preponderance of the evidence that the amount in controversy is

greater than $75,000.00, exclusive of interests and costs. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Kentucky law prohibits plaintiffs from demanding a specific sum and, accordingly, the plaintiff's Complaint does not contain such a demand. The defendants contend that the amount-in-controversy requirement is satisfied because the plaintiff seeks to recover damages for past, present, and future compensatory damages for lost income; humiliation and embarrassment; and expenses associated with bringing the action. [Record No. 1, p. 3] However, the Court must determine whether there are "specific facts supporting the assertion that the amount in controversy exceeds the amount required" to establish diversity jurisdiction. *Helton v. Lelion*, No. 5: 14-363-DCR, 2014 WL 5824894, at *2 (E.D. Ky. Nov. 10, 2014).

Neither the Complaint nor the Notice of Removal provides any information regarding Beatty's pay rate compared to that of Sales Manager or the date on which he allegedly was passed over for a promotion. Although the amount-in-controversy requirement may be satisfied by the face of the complaint in limited circumstances, *see, e.g., Burgett v. Troy-Bilt, LLC*, No. 11-110-ART, 2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011), this is not a case in which the damages sought obviously exceed the statutory requirement.

Based on the foregoing, it is hereby

**ORDERED** that **on or before Friday, November 23, 2018**, the defendant shall **SHOW CAUSE** why this matter should not be remanded to state court.

Dated: November 9, 2018.



Signed By: *Danny C. Reeves*
United States District Judge